**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **NORRIS BOSTON, S07401,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-2190-RJD** |
| | ) | |
| **C/O PLAKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Norris Boston, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of her[1] constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint (Doc. 1), Boston alleges that Defendant Plake violated her rights by groping her breasts during a pat down search on October 30, 2025. On initial review, the Court noted that it appeared Boston had not yet received a response to her grievance from the Administrative Review Board (ARB), so the Court directed Boston to show cause concerning her exhaustion efforts. Boston has timely responded (Doc. 10).

Boston's complaint concerns an incident on October 30, 2025. She filed an emergency grievance on October 31, 2025, and the Warden expedited it for emergency processing (Doc. 1 at 18-19). On November 14, 2025, the grievance officer recommended that the grievance be deemed resolved because a PREA investigation was ongoing, and on November 20, 2025, the Warden concurred (Doc. 1 at 16). On November 21, 2025, Boston signed the grievance for appeal to the ARB. (*Id.*). By contrast, Boston's signed complaint included a statement on exhaustion where

---

[1] Boston is a transgender inmate who has expressed a preference to be identified by she/her pronouns.

she indicated she had fully exhausted the grievance. The statement was signed and dated November 16, 2025 (Doc. 1 at 10-11).

Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Although a plaintiff need not anticipate or overcome an affirmative defense like exhaustion, if she alleges facts sufficient to establish that an affirmative defense applies, "the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

As an inmate in the IDOC, Plaintiff was required to follow the grievance process outlined in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, et seq. (2017). The Illinois Administrative Code requires an inmate to file his grievance with his counselor within 60 days of the discovery of an incident, occurrence, or problem that gave rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance may be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he can file an appeal with the IDOC Director through the Administrative Review Board (ARB). 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within 30 days of the date of the CAO's decision. *Id.* The inmate must attach copies of the

responses from the grievance officer and CAO to his appeal.  *Id.*  The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

Boston's own evidence demonstrates that she submitted her grievance to the Administrative Review Board on November 21, 2025  (Doc. 1 at 16).  She filed this lawsuit less than a month later with no proof that she had received a response from the ARB.  In response to the Court's Order to Show Cause, she does not contend that she received a response from the ARB prior to filing this lawsuit.  Instead, she cites *Fletcher v. Menard Corr. Ctr.,* 623 F.3d 1171 (7th Cir. 2010) and argues that she faced imminent danger at Lawrence.

The implication of her citation to *Fletcher* is that she was not required to complete the exhaustion process before filing this suit, but that argument does not agree with the substantive contents of the *Fletcher* opinion.  In *Fletcher*, the Seventh Circuit found that IDOC has an emergency grievance procedure, and thus even an inmate with an arguably imminent danger must allow the emergency grievance process an opportunity to address the issue before filing suit. Boston's situation is on all fours with *Fletcher* because IDOC still has an emergency grievance process, and Boston's grievance was being managed on an expedited basis pursuant to that process. Boston simply sued before allowing the exhaustion process for imminent dangers to be conducted at all stages of review.

Additionally, in response to the show cause order, Boston has now submitted the final ruling from the ARB on her October 31, 2025, grievance.  (Doc. 10 at 10).  The final ruling was issued on January 29, 2026, which definitively shows that Boston sued before exhausting her claims through all levels of the grievance process.  An inmate may not sue first and exhaust later, so this shortcoming may make immediate dismissal of this pleading without prejudice appropriate.

*Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (a sue first, exhaust later approach is not acceptable, and cannot be cured by an amended complaint).  Based on the foregoing analysis, the Court finds that Boston filed this suit before exhausting her administrative remedies, so the suit must be dismissed without prejudice.

## Disposition

Boston's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to exhaust her administrative remedies prior to filing this suit.  This dismissal does not bar Boston from presenting her claims in any future lawsuit once the claims are fully exhausted.

**IT IS SO ORDERED.**

**DATED: March 31, 2026**

*s/ Reona J. Daly*
**REONA J. DALY**
**U.S. Magistrate District Judge**